**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

In the Matter of Edith Cox Soles, Deceased,

Marcia Soles Anderson and Michael W. Soles, Individually and as Interested Parties, Appellants,

v.

Jimmy R. Soles, Respondent.

Appellate Case No. 2022-000721

_____

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

_____

Unpublished Opinion No. 2024-UP-186
Submitted May 1, 2024 – Filed May 22, 2024

_____

**REVERSED**

_____

Brown W. Johnson, of Clarke, Johnson, Peterson & McLean, PA, of Florence, for Appellants.

Luther O. McCutchen, III, of McCutchen Mumford Vaught O'Dea & Geddie, PA, of Myrtle Beach, for Respondent.

_____

**PER CURIAM:** Marcia Soles Anderson and Michael W. Soles (collectively, Appellants) appeal a master-in-equity's order finding their mother, Edith Soles (Edith), had contractual capacity to convey a tract of land to their brother, Jimmy R. Soles, and was not unduly influenced to execute the deed conveying the tract. We reverse pursuant to Rule 220(b), SCACR.

We hold the master erred in refusing to set aside the deed because Edith lacked contractual capacity at the time she signed the deed; thus, we reverse the master's order. *See Bullard v. Crawley*, 294 S.C. 276, 278, 363 S.E.2d 897, 898 (1987) ("An action to set aside deeds is a matter in equity."); *Skipper v. Perrone*, 382 S.C. 53, 57, 674 S.E.2d 510, 512 (Ct. App. 2009) ("When reviewing an action in equity, this court may review the evidence to determine facts in accordance with our own view of the preponderance of the evidence."); *In re Thames*, 344 S.C. 564, 570, 544 S.E.2d 854, 857 (Ct. App. 2001) ("South Carolina has defined contractual capacity as a person's ability to understand, at the time the contract is executed, the nature of the contract and its effect."). Edith was diagnosed with Alzheimer's disease approximately seven years before she executed the deed, and her longtime physician testified Edith's Alzheimer's disease was "advanced" by 2015, the year she executed the deed. *See Gaddy v. Douglass,* 359 S.C. 329, 345, 597 S.E.2d 12, 21 (Ct. App. 2004) (finding a woman was "clearly rendered . . . incapable of possessing contractual capacity" when she was diagnosed with dementia caused by Alzheimer's disease approximately four years before signing a contract due to the disease's "progressive, chronic, organic, and irreversible" nature). Edith's physician also explained Edith would not have had the mental capacity to understand the consequences of signing a deed at the time she executed it. *See Du Bose v. Kell*, 90 S.C. 196, 207, 71 S.E. 371, 376 (1911) (explaining "the mental incapacity which will render one unable to make a contract or a valid gift need not be so great as entirely to dethrone the reasoning powers," but there must be "such insanity or mental weakness or unsoundness as amounts to an incapacity or occasions an inability to understand or comprehend the subject of the contract or act and its nature and probable consequences").[1]

---

[1] We question whether Appellants have sufficiently challenged the master's undue influence finding on appeal. However, we decline to address this issue because our finding that Edith lacked contractual capacity at the time she signed the deed conveying the tract of land is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when the court's finding on a different issue was dispositive).

**REVERSED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.